IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL E. RUDMAN** and **WOLFE E. RUDMAN, Co-Trustees** of the M.B. Rudman Trust and the Mayer B. Rudman Trust, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § | |
| **MIKE RUDMAN** [*sic*] and **WOLFE RUDMAN** [*sic*], | § § | |
| Nominal Defendants, | § § | |
| and **LINDA ROTH**, | § § § § | |
| Defendant. | § § § | |
| _____ | § | Civil Action No. **3:08-CV-1103-L** |
| **LINDA ROTH**, | § § § | |
| Counter-Plaintiff, | § § | |
| v. | § § | |
| **MICHAEL E. RUDMAN** and **WOLFE E. RUDMAN,** Individually and as Co-Trustees of the M.B. Rudman Trust and the Mayer B. Rudman Trust, ANNA 455 COMMERCIAL, LP and ANNA 455 RESIDENTIAL, LP, | § § § § § § § § | |
| Counter-Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand, filed July 30, 2008. After careful consideration of the motion, briefs, response, reply, record, and applicable authority, the court **denies** Plaintiffs' Motion to Remand.

**I.     Background**

Michael E. Rudman and Wolfe E. Rudman, acting as Co-Trustees of the M. B. Rudman Trust (the "MBR Trust 1") and the Mayer B. Rudman Trust (the "MBR Trust 2"), collectively, Plaintiffs, filed this action against Mike Rudman, Wolfe Rudman, and Linda Roth in their individual capacities (collectively, "Defendants") in Probate Court No. 2, Dallas County, Texas, on June 4, 2008. Plaintiffs filed this action pursuant to section 115.001 *et seq.* of the Texas Trust Code and section 37.005 of the Texas Civil Practice and Remedies Code. In Plaintiffs' Original Petition ("Plaintiffs' Petition") they seek (1) judicial instruction or a declaratory judgment with respect to whether Roth is a beneficiary of either Rudman Trust, (2) a full and final settlement of their final account as Co-Trustees of the Rudman Trusts, and (3) their discharge as Trustees for each Rudman Trust and from all liability directly or indirectly arising out of or in connection with either Rudman Trust. Plaintiffs also request attorney's fees and costs, and any other relief to which they may be justly entitled.

The facts alleged by Plaintiffs as the basis for this action are as follows:

> 5.l.   The MBR Trust 1 was created under the Last Will and Testament of Ike Rudman who died on January 18, 1954.
>
> 5.2.   The Last Will and Testament of Ike Rudman was duly admitted to probate.
>
> 5.3.   Ike Rudman was married only once, and his wife's name was Rose Rudman.
>
> 5.4.   Two children were born to Ike Rudman and Rose Rudman. They were Mayer B. ("Duke") Rudman and Yidus Rudman Scrinopski.
>
> 5.5.   The MBR Trust 1 provided that upon the death of Duke Rudman "the trust shall terminate and be distributed to the **children** of [Duke Rudman] in fee simple, free of trust, share and share alike . . . ." (emphasis supplied)
>
> 5.6.   The MBR Trust 2 was created under the Last Will and Testament of Rose Rudman who died on June 24, 1989.

    5.7.    The Last Will and Testament of Rose Rudman was duly admitted to probate.

    5.8.    The MBR Trust 2 terminated on Duke Rudman's death and provided that at his death "the trust properties shall be vested in the **descendants** of Mayer B. Rudman, per stirpes." (emphasis supplied)

    5.9.    Duke Rudman died on January 9, 2008.

    5.10.    Duke Rudman was married only once, and his wife's name was Josephine Davis Rudman.

    5.11.    Josephine Davis Rudman died on July 14, 1997.

    5.12.    Only two children were born to Duke Rudman and his wife, Josephine Rudman, during their marriage. Their names are Mike Rudman and Wolfe Rudman. No children were adopted by Duke Rudman during his lifetime.

    5.13.    Linda Roth claims to be a child of Duke Rudman born out of wedlock.

    5.14.    On information and belief, Linda Roth was adopted shortly after her birth by persons other than Duke Rudman and/or his wife.

    5.15.    Both the Rudman Trusts have terminated.

    5.16.    The Co-Trustees are in the process of winding up the affairs of each of the Rudman Trusts.

Pls.' Pet. ¶¶ 5.1-5.16.

On June 27, 2008, Roth filed her original answer and eleven original counterclaims. The eleven counterclaims are as follows: Count 1: "Breach of the Express Terms of the M.B. Rudman Trust Regarding Distribution of Property in Trust on Death of Duke Rudman"; Count 2: "Breach of the Express Terms of the Mayer B. Rudman Trust Regarding Distribution of Property in Trust on Death of Duke Rudman"; Count 3: "Breaches of Fiduciary Duties of Utmost Good Faith, Loyalty, and Impartiality Regarding Distributions to Children of Duke Rudman During His Lifetime"; Count 4: "Breaches of Express Terms of M.B. Rudman Trust Regarding Distributions

**Memorandum Opinion and Order - Page 3**

to Children of Duke Rudman During His Lifetime"; Count 5: "Breaches of Duty to Redress Breaches of Fiduciary Duty by Prior Trustee"; Count 6: "Breaches of Duty to Redress Improper Distributions by Prior Trustee"; Count 7: "Breaches of Fiduciary Duty by Self-Dealing"; Count 8: "Common-Law Fraud by Co-Trustees of M.B. Rudman Trust"; Count 9: "Common-Law Fraud by Co-Trustees of Mayer B. Rudman Trust"; Count 10: "Constructive Trust on Property Wrongfully Conveyed to Anna 455 Commercial, LP"; and Count 11: "Constructive Trust on Property Wrongfully Conveyed to Anna 455 Residential, LP". Original Countercl. of Def. Roth 5, 7, 10, 11, 13, 15, 18, 20, 22-24. With respect to relief, Roth seeks monetary damages, specific performance, constructive trusts on certain properties and profits, reasonable and necessary attorney's fees and costs, exemplary damages, and any other relief to which she may be justly entitled.

Plaintiffs request the court to remand this case to Probate Court No. 2. They contend that this court does not have subject matter jurisdiction because there is not complete diversity of citizenship between the parties. Plaintiffs further contend that, even if complete diversity exists or is presumed, remand is mandatory because the probate exception to federal jurisdiction deprives this court of subject matter jurisdiction. Roth counters that the court has subject matter jurisdiction because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs, and because the probate exception does not apply in this case.

## II.     Rule 12(b)(1) - Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143

F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss or remand for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

In this case, the burden rests with Roth to establish that the case "arises under" federal law, or that diversity exists and the amount in controversy exceeds the jurisdictional threshold of $75,000.

### III. Discussion

#### A. The Probate Exception

A longstanding limitation on federal jurisdiction is the probate exception, which is a judicially created doctrine. *Marshall v. Marshall*, 547 U.S. 293, 298 (2006). It is an exception "to otherwise proper federal jurisdiction." *Id.* at 308. The probate exception is to be narrowly construed, and in defining its scope, the United States Supreme Court recently held:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id.* at 311-12. "In determining whether a suit in federal court interferes with state probate proceedings, [the Fifth Circuit] considers whether the plaintiff's claim implicates the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between the parties." *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001) (citations and internal quotations omitted); *see also Morgan v. Chase Home Finance, L.L.C.*, No. 08-50288, 2008 WL 5422863, at *3 (5th Cir. Dec. 31, 2008).

Plaintiffs contend that the probate exception to federal jurisdiction applies in this case because:

> (1) the Texas Probate Court Number [Two] has been conferred jurisdiction over this matter and is clearly the more appropriate forum to resolve the issues presented in this case, including the interpretation of the Wills of Ike and Rose Rudman, collections from the Estate of Duke Rudman, the administration of the Rudman Trusts, and challenges to the appointments of the Rudman Trustees, and (2) the Texas Probate Court Number Two already has jurisdiction over

> the *res* of the Rudman Trusts, and the exercise of concurrent federal jurisdiction over the Trusts is therefore prohibited.

Pls.' Memo. in Supp. of Their Mot. to Remand 9. The essence of Plaintiffs' argument with respect to the probate exception is that because the case involves the interpretation of two different Wills, the administration of two separate Trusts, alleged improprieties and wrongdoing by the Co-Trustees in the administration of the Estate of Duke Rudman, and challenges to the appointment of the Rudman Trustees, it should be brought in the probate courts of Texas. According to Plaintiffs, these courts are specialized and better suited than a federal court to handle such matters. While this argument has significant appeal and is perhaps the more reasoned approach, it conflicts with existing precedent.

Plaintiffs' argument that the Texas probate courts have exclusive jurisdiction over actions to construe wills and trusts flies in the face of *Marshall*. "[J]urisdiction of the federal courts, having existed from the beginning of the Federal government, [can]not be impaired by subsequent state legislation creating courts of probate." *Marshall,* 547 U.S. at 314 (citation and internal quotation marks omitted).

Under the probate exception, a federal court is precluded from probating or annulling a will, administering a decedent's estate, and endeavoring to dispose of property that is in the custody of a probate court. *Id.* at 311-12. None of the parties has called upon the court to perform these tasks or has requested the court to perform any task that is purely probate in nature. Moreover, none of these tasks would be required by the court in this case. The Wills of Ike and Rose Rudman that created the Trusts have been admitted to probate, and both Trusts have terminated. "Once a will has been probated, the danger of federal interference is abated." *Breaux*, 254 F.3d at 536. Nothing in the record even remotely intimates that the Wills of Ike and Rose Rudman are still in probate. The validity of the Wills or Trusts has not been called into question, and the court is aware of nothing

that implicates the validity of any probate proceeding.  Further, the court will not be involved in administering Duke Rudman's estate, and nothing requires it to assume control over any estate property.  Plaintiffs merely seek declaratory relief and instruction from the court, determination whether Roth is a beneficiary of the Trusts, settlement of their final accounts, and discharge from each Trust and from any liability that might arise from their administration of the Trusts.  That the court is requested to determine whether Roth is a beneficiary of either Trust does not require it to perform any of the prohibited functions under the probate exception.  Once again, the validity of the Wills or Trusts is not being challenged.

### B.      Diversity of Citizenship

Initially, considerable to-and-fro took place between the parties with respect to diversity of citizenship.  Plaintiffs acknowledge "it would not make sense, in an adversarial system, to treat the parties of this dispute as non-diverse."  Pls.' Reply Supp. Mot. to Remand 6.  Plaintiffs further concede that if the court determines that the probate exception does not apply, it is properly vested with subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  *Id.*  As the court has ruled that the probate exception is inapplicable to this case, no issue exists regarding diversity of citizenship between the parties.  Accordingly, the court will not address arguments made regarding "nominal defendants" or "improperly joined" defendants.

### IV.     Conclusion

For the reasons herein stated, the court **determines** that the probate exception to federal jurisdiction does not apply and that diversity exists between the parties.  Accordingly, the court **denies** Plaintiffs' Motion to Remand.

**It is so ordered** this 31st day of March, 2009.

_____
Sam A. Lindsay
United States District Judge